IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELISABETH FLACHOFSKY, M.D.<br>Plaintiff | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 1:15-cv-717 |
| | § | |
| UNITED STATES OF AMERICA,<br>Defendant | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ELISABETH FLACHOFSKY, M.D. filing her Original Complaint against Defendant UNITED STATES OF AMERICA and, in support thereof, shows the Court the following:

### I. PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1.1   This is a healthcare liability claim arising under the Federal Tort Claims Act 28 U.S.C. §§1346(b), 2671-2680 at et seq. ("FTCA").

1.2   Plaintiff, Elisabeth Flachofsky, M.D., is a resident of and domiciled in Killeen, Bell County, Texas.

1.3   Defendant is the United States of America ("United States") which may be served pursuant to Fed. R. Civ. P. 4(i), by serving a copy of the summons and the complaint to Richard L. Durbin, Jr., United States Attorney for the Western District of Texas, Civil Process Clerk, U.S. Attorney's Office, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; by serving the United States Attorney General, U.S. Department of Justice, Constitution Avenue and 10th Street N.W., Washington, D.C. 20530; and by serving Gary M. Manuele, Office of the Center Counsel, Darnall Army Medical Center, Fort Hood, TX 76544-4752.

1.4     This Federal District Court has jurisdiction over Defendant because this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b) and 1367, commonly known as the "Federal Tort Claims Act" (hereinafter FTCA"), which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

1.5     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), because the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## II. JURISDICTIONAL PREREQUISITES: DEFENDANT UNITED STATES

2.1     On April 18, 2013, Plaintiff timely filed FTCA administrative claims with Defendant's agency, the Department of the Army.

2.2     More than six (6) months have passed since filing of these claims without resolution by The United States Army. Plaintiff has complied with all jurisdictional pre-requisites and conditions precedent to commencement of this action against Defendant United States as required by 28 U.S.C. § 2675.

2.3     Plaintiffs assert statutory waiver of sovereign immunity for this healthcare liability claim brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§2671-2680.

## III. LIABILITY OF THE DEFENDANT

3.1     This case is commenced and prosecuted against Defendant United States pursuant to and in compliance with the FTCA.  Liability of Defendant United States is predicated specifically on Title 28, U.S.C. §1346(b)(1) and 2674 because the personal injuries and deformity and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of agents/employees of Defendant United States including Howard Richman, D.P.M. while acting within the scope of their office or employment,

under circumstances where Defendant United States, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

3.2     The United States Army is an agency of the Defendant United States. Defendant United States, through its agency, the Department of the Army, at all times material herein, owned, operated and controlled the health care facility known as Darnall Army Community Hospital ("DACH"), Fort Hood, Texas, and through its agency, the Department of the Army, staffed said health care facilities with its agents, servants, and/or employees including Howard Howard Richman, D.P.M., D.P.M. who provided care for Plaintiff.

3.3     At all times material to this case, Defendant United States has been engaged in the practice of medicine in Texas, acting individually and/or through actual and/or apparent agents, servants and/or employees including, but not limited to Howard Richman, D.P.M..

3.4     At all times material to this case, Howard Richman, D.P.M. was an agent, servant, and employee of Defendant United States and was at all times material herein, acting within the course and scope of such employment.

3.5     At all times material herein, Howard Richman, D.P.M. was engaged in the practice of podiatry in Texas.

3.6     In this Complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization and ratification of Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, and/or representatives.

Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.  All healthcare providers involved with the care that forms the basis of this claim were employed and acting in the course and scope of their employment by Defendant when caring for Plaintiff Elisabeth Flachofsky, M.D.

### IV. FACTS

4.1    On April 22, 2011, at DACH, Defendant United States employee Howard Richman, D.P.M. performed surgical excision of Plaintiff's left second intermetatarsal space to remove a presumed neuroma in an attempt to relieve Plaintiff's left foot pain.

4.2    Pre-operatively, Howard Richman, D.P.M. ordered/performed no radiographs or imaging studies of the left foot.

4.3    However, prior to Howard Richman, D.P.M.'s April 22, 2011 surgery, back on November 7, 2006, radiographs showed retained hardware to the first metatarsal head, but no second digit dislocation, and no diastasis between the left medial metatarsal heads.

4.4    The soft tissue recovered during Howard Richman, D.P.M.'s April 22, 2011 surgery was labeled 'nerve mass.'  Pathology described the tissue as consistent with a Morton's neuroma.

4.5    Postoperatively, under the care of Howard Richman, D.P.M., at DACH, Plaintiff developed infection in the surgical site treated with antibiotics, surgical wound dehiscence treated with a series of outpatient debridements, left foot instability, and intractable pain.

4.6    On or about March 12, 2012, Plaintiff switched her foot care to Dustin Smith, D.P.M., M.S. at Coryell Memorial Hospital.  Radiographs ordered by him showed: 1) dislocation of Plaintiff's left second digit; 2) significantly increased diastasis between the left medial

metatarsal heads not seen on the November 7, 2006 radiographs, and 3) retained hardware to the first metatarsal head, previously seen. The 2006 radiographs suggest an underlying medial deviation of the metatarsals consistent with metatarsus adductus, a congenital deformity.

4.7     Howard Richman, D.P.M. failed to perform a proper pre-operative evaluation, including an assessment of second toe dorsal displacement and left foot radiographs.

4.8     Howard Richman, D.P.M. failed to repair Plaintiff's plantar plate rupture and/or injured her common plantar nerve and/or its digital branches during his April 22, 2011 surgery.

4.9     During his surgery on April 22, 2011 and/or during the subsequent debridement(s), Howard Richman, D.P.M. likely damaged Plaintiff's deep intermetatarsal ligament as well as the plantar plate and failed to repair the damaged structures.

4.10    Plaintiff suffers from intractable pain, a significant deformity of her left foot, dysfunction of her left foot, arthritis and gait impairment.

## V. LIABILITY OF DEFENDANT

5.1     Defendant United States, through its employees including Howard Richman, D.P.M., was negligent in one or more of, but not limited to, the following respects:

    a.  failure to timely and properly care for Elisabeth Flachofsky, M.D.;

    b.  failure to timely and properly evaluate Elisabeth Flachofsky, M.D.;

    c.  prior to the April 22, 2011 surgery, failure to perform and document a proper pre-surgical examination of Elisabeth Flachofsky, M.D., including assessment of stressed dorsal displacement of the left second toe at the metatarsal phalangeal joint;

    d.  prior to the April 22, 2011 surgery, failure to obtain pre-surgical left foot radiograph(s) of Elisabeth Flachofsky, M.D., to rule out second digit dislocation;

  e. in damaging Elisabeth Flachofsky, M.D.'s deep intermetatarsal ligament and plantar plate during the April 22, 2011 surgery and/or subsequent debridements(s);

  f. failure to timely and properly repair Elisabeth Flachofsky, M.D.'s deep intermetatarsal ligament and plantar plate;

  g. in injuring Elisabeth Flachofsky, M.D.'s common plantar nerve and/or its digital branches during the April 22, 2011 surgery;

  h. failure to use proper surgical technique for both nerve resection and decompression on April 22, 2011;

  i. both pre and post-April 22, 2011 surgery, failure to timely diagnose foot dislocation by examination and radiographs; and

  j. following the April 22, 2011 surgery, failure to recommend non-weight bearing until such time as the soft tissue infection resolved.

  Defendant United States may have been negligent in other ways as well.

 5.2 At all times relevant herein, the employees, agents, and/or representatives of Defendant United States were negligent and causative of the injuries and damages sustained by Plaintiff.

## VI. CAUSATION AND DAMAGES

 6.1 As the direct and proximate result of Defendant's negligence as set out above, Plaintiff has suffered permanent injury to her left foot including destruction of the joint surface to the metatarsal head, and plantar plate rupture dislocation.  As a result of Defendant's negligence, Plaintiff has suffered the following damages, including but not limited to:

  1. Significant deformity, of the left foot in the past, and in reasonable probability, in the future;

    2.     Significant dysfunction and impairment of the left foot in the past, and in reasonable probability, in the future;

    3.     Physical pain, suffering, mental anguish, and discomfort in the past, and in reasonable probability, in the future;

    4.     Loss of earnings in the past and earning capacity in the future;

    5.     Medical expenses in the past, and in reasonable probability, in the future.

6.2     All other economic and non-economic damages cognizable under the law.

## VII. PRAYER FOR RELIEF

7.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited in terms of law to appear and answer herein; that upon final trial and hearing hereof, Plaintiff has judgment against Defendant for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation, and for such other relief and further relief, at law and equity, both general and special, to which Plaintiff may show herself entitled to and which the Court believes them deserving.

    Respectfully submitted,

    CAPPOLINO | DODD | KREBS, L. L. P.
    3604 SW HK Dodgen Loop
    Suite 104
    Temple, Texas 76504
    254.778.4357 – TELEPHONE
    254.778.9191 – FACSIMILE

By: _____
    John O. Roark
    State Bar No. 16979000